UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

LORI ANN CIVITILLO,
for herself and others similarly situated,

    Plaintiff,

vs.

THE KOLTER GROUP LLC,
KOLTER TOWER REALTY LLC,
ROBERT JULIEN, individually and
JOHN CSAPO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Lori Ann Civitillo ("Civitillo" or "Plaintiff"), for herself and others similarly situated, sues Defendants, The Kolter Group LLC ("Kolter Group Developer"), Kolter Tower Realty LLC ("Kolter Tower Broker"), Robert Julien, individually ("Mr. Julien") and John Csapo, individually ("Mr. Csapo") (collectively, "Defendants"), and states:

## GENERAL ALLEGATIONS

1. Plaintiff was an employee of Defendants and brings this action on behalf of herself and other employees and former employees of Defendants situated to her for overtime compensation and other relief under the Fair Labor Standards Act, as Amended, 29 U.S.C. § 216(b).

2. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. § 201 et seq. in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff or any similarly situated employee compensation

1

to which they were lawfully entitled for all of the hours worked in excess of forty within a work week.

3. This action is brought to recover from Defendants overtime compensation,

4. liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b) (the "Act" or "FLSA").

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29

6. U.S.C. § 216(b). Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §1331 and by 29 U.S.C. § 216(b).

7. At all times pertinent to this Complaint, Defendants, Kolter Group Developer and Kolter Tower Broker, were enterprises engaged in interstate commerce.

8. The annual gross sales volume of the corporate Defendants was in excess of $500,000.00 per annum at all times material hereto.

9. Plaintiff was individually engaged in and worked in interstate commerce so as to fall within the protections of the Act.

10. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined § 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

11. Plaintiff is a resident of Palm Beach County, Florida who performed work as an inside salesperson of new construction condominiums and who performed related activities at a development known as the Water Club in North Palm Beach, Palm Beach County, Florida.

12. Defendants, directly or indirectly, are joint employers of Plaintiff.

13. Defendants own and/or operate one or more interconnected interrelated businesses in Palm Beach County, Florida within the jurisdiction of this Honorable Court.

14. The unlawful employment practices alleged herein occurred and/or were committed in the Southern District of Florida, in which venue is proper.

15. At all times material hereto, Mr. Julien and Mr. Csapo were, and are, individual residents of the State of Florida, who own, manage, direct, and/or operate Kolter Group Developer and Kolter Tower Broker, respectively, and who regularly exercised the authority to directly or indirectly control the terms and conditions of employment of Plaintiff, hire and fire employees, determine the work schedules of employees, set the rate of pay of employees, and control the finances and operations of Kolter Group Developer and Kolter Tower Broker, respectively, in the interest of each in relation to Civitillo. By virtue of such control and authority over Plaintiff, Mr. Julien and Mr. Csapo were each an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

16. Defendant, Kolter Group Developer is a Florida limited liability company in the business of real estate development in general and in the sale of new condominiums in particular, including, but not limited to, in Palm Beach County.

17. Among its many real estate development projects is a Condominium project known as the "Water Club North Palm Beach" ("Water Club"), located in North Palm Beach, Florida along the Intracoastal Waterway.

18. Kolter Group Developer used an in-house broker of record in the sales office of Kolter Group Developer onsite at the Water Club to sell the condominium units called Kolter Tower Realty LLC ("Kolter Tower Broker"). Kolter Tower Broker is a foreign limited liability company registered to do business in Florida and is a real estate brokerage company qualified in Florida to conduct real estate brokerage services, and which performs its services in Florida, including, but not limited to, in Palm Beach County.

19. Civitillo is a licensed real estate salesperson whose license is registered with Kolter Tower Broker.

20. Civitillo was employed by one or more companies related to Defendants Kolter Group Developer and Kolter Tower Broker over 14 years, including but not limited to from January, 2011 through most all of 2016.

21. Civitillo was hired to sell condominiums at Kolter Group Developer's various projects, including, but not limited to the Water Club.

22. At all times material hereto, Plaintiff and all other similarly situated employees performed non-exempt duties as an internet inside sales and marketing representative for the Defendants in Palm Beach County, Florida, within the jurisdiction and venue of this Court.

23. In 2013, Civitillo and Kolter Group Developer and Kolter Tower Broker entered into an oral agreement for Civitillo to be employed and paid commissions for real estate sales efforts for the sale of condominiums at the Water Club.

24. Similar to her arrangement on previous projects, Civitillo remained employed on a full-time basis while working at the Water Club.

25. At the Water Club, during the "Season," Civitillo worked as many as six days per week and on average 60 hours per week for a portion of the year including but not limited to the months of January through April each year.

26. In the "Off-Season," Civitillo worked 40 or so hours per week.

27. For her work at the Water Club, Civitillo was compensated solely on a 100% commission basis, and received a bi-weekly draw against future commissions. When commissions were paid, they were first reduced by the amount already paid in the form of the draw and taxes/deductions were taken out of her pay.

28. The additional persons who may become Plaintiffs in this action are inside

29. salespersons of Defendants' new condominium home construction at any location/project within the United States who worked overtime hours on or after February 6, 2014, but who did not receive time-and-a-half wages for such overtime hours worked.

30. At all times pertinent to this Complaint, Defendants failed to comply with Title 29

31. U.S.C. § 201-209, in that Plaintiff and those similarly situated to Plaintiff performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiff for those hours worked in excess of forty within a work week.

32. Plaintiff's employment with Defendants provided for only commissioned compensation for the sale of new condominium home construction, but Defendants failed to pay time-and-a-half wages for overtime hours worked.

33. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time-and-one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

34. The records, if any, concerning the number of hours actually worked by Plaintiff and all other similarly situated employees and the amount of compensation actually paid to such employees are in the possession and custody of Defendants.

35. Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 216(b).

36. Plaintiff, on behalf of himself and others similarly situated, seeks relief on a collective basis challenging Defendant's illegal pay practices.

37. The total number and identities of the Class members may be determined from the records of Defendants and the Class may easily and quickly be notified of the pendency of this action.

38. Plaintiff is similar to the Class because he and the Class have been required to participate in an unlawful scheme to misclassify employees an exempt and deprive them of overtime.

39. Plaintiff's experience is typical of the experiences of the Class.

40. Defendants' failure to pay overtime wages at the rates required by the

41. FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Class.

42. Specific job titles or job duties of the Class do not prevent collective treatment.

43. All potential members of the Class, irrespective of their particular job duties, are entitled to the applicable overtime for all hours worked.

44. All potential members of the Class, irrespective of their particular job duties, are entitled to the difference between the compensation they actually received and the overtime pay they should have received for all overtime hours worked.

45. Although the issue of damages can be individual in character, there remains a common nucleus of liability facts.

46. Even though he was actually non-exempt, Defendants failed to keep any record of Civitillo's hours worked per week.

47. Defendants knowingly and willfully operated their business with a policy of misclassifying workers as exempt and not paying them overtime compensation, all in violation of the FLSA.

48. Defendants' violated Title 29 U.S.C. §207 in that, among other reasons:

    A. Civitillo worked in excess of forty (40) hours per week in one or more weeks, but was not compensated or paid overtime for those hours worked in excess of forty (40) per work week as provided by the FLSA;

    B. Defendants failed to maintain proper time records as mandated by the FLSA; and

    C. Defendants failed to post the required information concerning the rights of employees under the FLSA.

49. Defendants, exercising reasonable diligence, knew or should have known of Civitillo's uncompensated hours and uncompensated overtime work.

50. Various other employees had knowledge that Civitillo had been working overtime for which she was not compensated.

51. Defendants knowingly and willfully failed to pay Civitillo, her lawfully earned wages, including, but not limited to, overtime compensation in conformance with the FLSA.

52. Defendants knew or should have known that their policies and practices relating to pay and overtime practices violated the FLSA.

53. Defendants have knowingly, willfully, and/or with reckless disregard, carried

54. out, and continue to carry out, their illegal pay and overtime practices so as to justify the extension of the applicable statute of limitations to three years.

55. Additionally, Defendants have been involved directly or indirectly in prior actions in which claims were made that a real estate salesperson was not exempt. As a result of Defendants' willful violation of the Act, all Plaintiffs (Plaintiff and those similarly situated to her) are entitled to application of a statute of limitations extended to three years.

56. Plaintiff and the Class are entitled to the applicable overtime for all hours worked, plus liquidated damages, interest, costs and attorneys' fees under 29 U.S.C. § 216(b).

57. Plaintiff has retained the law office of Schwarzberg & Associates and has promised to pay it reasonable attorneys' fees and cost in bringing this action.

58. Civitillo has fulfilled all conditions precedent to the filing of this lawsuit and/or such conditions have been waived.

59. The Defendants do not satisfy the requirements necessary to invoke a possible Section 7(i) exemption because, among other reasons, corporate Defendants are not a retail or services establishment as defined under the FLSA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

60. Plaintiff readopts and realleges all General Allegations.

61. Plaintiff is entitled to be paid time-and-one-half of her regular rate of pay for each hour worked in excess of forty (40) hours per work week.

62. All similarly-situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

63. By reason of the said intentional, willful and unlawful acts of Defendants, all

64. Plaintiffs (Plaintiff and those similarly situated to her) have suffered damages and have incurred and will continue to incur costs and reasonable attorney's fees.

65. All Plaintiffs (Plaintiff and those similarly situated to her) are entitled to liquidated damages.

WHEREFORE, Plaintiff, and those similarly situated to her, who have or will opt into this action, demand judgment against Defendants, jointly and severally:

8

A. Declaring that Civitillo is not exempt and that Defendants have violated the overtime provisions of the FLSA including but not limited to 29 U.S.C. § 207;

B. Awarding Civitillo overtime compensation in amounts to be calculated;

C. Awarding Civitillo liquidated damages in amounts to be calculated;

D. Entering a declaratory judgment decreeing that Plaintiff and all other similarly-situated salespersons are non-exempt and are entitled to be paid overtime compensation;

E. Awarding reasonable attorneys' fees and costs of suit; and

F. Ordering any other and further relief this Honorable Court deems to be just and proper, including but not limited to relief in favor of all others similarly situated who join this action after notice.

**JURY DEMAND**

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

       SCHWARZBERG & ASSOCIATES
       Attorneys for Plaintiff
       625 N. Flagler Drive, Suite 600
       West Palm Beach, FL 33401
       Telephone: (561) 659-3300
       Facsimile: (561) 693-4540

  By: ***Steven L. Schwarzberg***
     STEVEN L. SCHWARZBERG
     Florida Bar No.: 0306134
     Primary Email: steve@schwarzberglaw.com
     Secondary: mail@schwarzberglaw.com
     LISA M. KOHRING
     Florida Bar No.: 93781
     Primary Email: lkohring@schwarzberglaw.com
     Secondary: mail@schwarzberglaw.com